IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              Civil Action No. 3-09-0031BSM

BOBBY L. HURT AND SUE R. HURT                                    DEFENDANT

## ANSWER AND REQUEST FOR JURY TRIAL

Come now Defendants, Bobby L. Hurt and Sue R. Hurt, and for their Answer to Plaintiff's

Complaint, states as follows:

1.      Defendants admit the allegations contained in paragraph one of Plaintiff's Complaint.

2.      Defendants admit the allegations contained in paragraph two of Plaintiff's Complaint.

3.      Defendants deny any action giving rise to a Complaint, but admit that venue is proper

given the allegations contained in Plaintiff's Complaint.

4.      Defendants deny that 2216 East Broadway was known as the "Nicknack" trailer park.

It, in fact, was known as "Midway" trailer park.  Defendants admit the remaining

allegations contained in paragraph four of Plaintiff's Complaint.

5.      Defendants deny the allegations contained in paragraph five of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in paragraph six of Plaintiff's Complaint

for limited time periods in the past, but specifically deny the allegations in paragraph

six to the extent it is intended to encompass the entirety of 2000 through the summer

of 2008.

7.      Defendants admit the allegations contained in paragraph seven of Plaintiff's Complaint

with respect to Mid-City trailer park.  The remaining allegations of paragraph seven

are denied.

8.      Defendants admit the allegations contained in paragraph eight of Plaintiff's Complaint.

9.      Defendants admit the allegations contained in paragraph nine of Plaintiff's Complaint.

10.     Defendants deny the allegations contained in paragraph ten of Plaintiff's Complaint.

11.     Defendants deny the allegations contained in paragraph eleven of Plaintiff's Complaint.

12.     Defendants deny the allegations contained in paragraph twelve of Plaintiff's Complaint.

13.     Defendants deny the allegations contained in paragraph thirteen of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in paragraph fourteen of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in paragraph fifteen of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in paragraph sixteen of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in paragraph seventeen of Plaintiff's Complaint.

18.     Pleading affirmatively, Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations.

19.     Pleading affirmatively, Plaintiff's Complaint fails to state a claim upon which relief can be granted should be dismissed pursuant to Rule 12(b)6.

20.     Pleading affirmatively, Plaintiff's Complaint improperly attempts to seek monetary relief on behalf of unidentified aggrieved parties.  As it relates to this specific request

for relief, Plaintiff lacks standing, and improperly attempts to recover monetary benefits for unidentified alleged aggrieved parties who have elected not to intervene in this action.  As related to this specific request for relief, the Complaint fails to state facts upon which relief can be granted, fails to join indispensable parties under Rule 19 and attempts to obtain a monetary recovery in a manner which would violate Defendant's rights to due process.  All claims for monetary relief on behalf of unidentified aggrieved parties should therefore be dismissed.

21.   Plaintiff's Complaint contains false assertions of fact, which, under common law, would constitute slander (and libel if reduced to writing).  Upon information and belief, one or more of these statements were published by one or more of the unidentified alleged aggrieved parties.  Defendants reserve the right to file all appropriate counterclaims and/or a Third Party Complaint upon the completion of additional discovery.

22.   Pleading affirmatively, Plaintiff's Complaint should be dismissed in whole or in part due to their failure to exhaust administrative remedies.

23.   Pleading affirmatively, Plaintiff's Complaint should be dismissed under the doctrine of laches.

24.   Pleading affirmatively, Plaintiff's Complaint is barred in whole or in part by failure of consideration, fraud and/or illegality.

25.   Defendant hereby requests an award of all attorney's fees and costs pursuant to 42 U.S.C. § 3601, et. seq., should defendant prove to be the prevailing party on any one of the claims asserted in Plaintiff's Complaint.

26.   All allegations contained in the Plaintiff's Complaint are specifically addressed herein

are denied.

WHEREFORE, Defendant, Bobby L. Hurt and Sue R. Hurt, pray that Plaintiff's Complaint be dismissed, that Defendant have and recover all costs and fees herein expended, and for all other relief to which he is lawfully entitled.

Respectfully Submitted,

Tony L. Wilcox #93084
Scott J. Lancaster #85087
Jeff O. Scriber #2006256
**WILCOX PARKER HURST**
 **LANCASTER & LACY, PLC**
3000 Browns Lane
Jonesboro, AR 72401

By:      /s/ Tony L. Wilcox                    
Tony L. Wilcox #93084

## CERTIFICATE OF SERVICE

I, Tony L. Wilcox, do hereby certify that on the **23rd** of **April**, 2009, a copy of the foregoing was sent via the **ECF electronic filing system** to the following:

Stacey E. McCord
Assistant US Attorney
P.O. Box 1229
Little Rock, AR 72203

Nicole J. DeSario
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, D.C. 20530

By:      /s/ Tony L. Wilcox
         Tony L. Wilcox