IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:09-cv-0031 (BSM) |
| | ) | |
| BOBBY L. HURT AND SUE R. HURT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and among the parties that the disclosure of documents in this case will involve the exchange of sensitive information, including, but not limited to, a) net worth statements, tax returns, any financial information submitted to a tax professional for the purpose of preparing tax returns, b) other personal or business financial information, c) personally identifying information with respect to tenants, and d) other information that would be subject to protection from public disclosure pursuant to the Privacy Act, 5 U.S.C. § 522a, including but not limited to "records" as defined by the Act.  The parties also agree that certain forms of contact between the Defendants and witnesses for the United States can be avoided. The parties therefore agree as follows:

**I. Contact Between Defendants and Witnesses for the United States**

1.  Defendant Bobby L. Hurt, Defendant Sue R. Hurt, and their agents or employees (excluding their counsel of record) are prohibited from contacting or attempting to contact any persons identified by the United States as victims of or witnesses to Defendant's alleged discriminatory housing practices, including, but not limited to, those

individuals disclosed in its initial disclosures pursuant to Fed. Rule Civ. P. 26(a) and in response to any discovery served by the Defendant.

## II. Treatment of Confidential Information

2. All documents containing information that is to be considered confidential information pursuant to this Confidentiality Agreement shall be marked "CONFIDENTIAL" in large letters on each page of the document. Any party involved in the above-captioned case, or counsel for such party, may designate as confidential any document, testimony, or information disclosed, or to be disclosed, if the material includes sensitive information. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

3. Any party in the above-captioned case, or counsel for such party, may designate as confidential its responses to interrogatories by labeling each response "CONFIDENTIAL".

4. Counsel for any party in the above-captioned case may designate deposition testimony or any portion of deposition testimony as confidential by advising the court reporter and counsel of such designation during the course of the deposition.

5. Whenever any material designated as confidential is identified as an exhibit in the above-captioned case, it shall be marked "CONFIDENTIAL" and it shall be subject to all of the requirements of this Confidentiality Agreement.

6. Inadvertent failure to designate a document as "CONFIDENTIAL" may be corrected by supplemental written notice given as soon as practicable.

7. The parties must have a good-faith basis in fact and law to designate the material as

confidential. For example, the parties will not designate any publicly-available material as confidential.

8. If any party to the above-captioned case, or such party's counsel or representative, objects to the designation of any information as confidential, that party shall meet and confer with opposing counsel within fifteen (15) working days of receipt of this objection in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the party designating the material as confidential may bring a motion to have the contested information declared confidential.

9. Confidential information includes all material designated confidential, pursuant to the terms of this Confidentiality Agreement, as well as summaries and compilations derived from such confidential materials, including but not limited to charts, tables, graphs, and models.

10. If non-confidential information is contained in or otherwise derived from confidential materials, that portion which consists solely of non-confidential information is not confidential for purposes of this Confidentiality Agreement.

11. If confidential information is attached to any filings or submissions to this Court, such attachments shall be filed under seal.

12. If confidential testimony or information is contained in the body of any filings or submissions to this Court (e.g., if confidential material is directly quoted or summarized), the entire filing or submission shall be made under seal.

13. Access to confidential information shall be limited to individuals who must handle those documents for purposes of this litigation. Individuals authorized to handle confidential

information include:

    a.    The Court and officers of the Court;

    b.    Court reporters and their assistants and administrative staff;

    c.    Counsel for Plaintiff the United States, including Department of Justice (DOJ) attorneys, paralegals, administrative staff, and other DOJ employees or contractors;

    d.    The Defendants and counsel for the Defendants, including counsel's paralegals, administrative staff, or contractors;

    e.    Any mediator used to attempt resolution of this litigation;

    f.    Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action; and

    g.    Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in such litigation.

14. All contractors, witnesses, experts, and consultants who will review confidential information must first execute the Acknowledgment of Confidentiality Agreement attached as Exhibit A, stating that they will abide by the terms of this agreement. For all witnesses which the parties are required to disclose, a copy of this agreement shall be provided to opposing counsel no later than the disclosure of the witness list for trial.

15. The "qualified persons" identified in paragraphs 13 and 14 shall not permit disclosure of confidential information to anyone who is not also a "qualified person." Unless counsel of record for the party producing the confidential information consents in writing to any other use, such information shall be used solely in connection with the prosecution or defense of the action.

16. Except as provided for herein, no person having access to confidential information shall make public disclosures of that material without further order of this Court.

17. No party to the above-captioned case, for itself or any other person acting on its behalf, shall make more copies of any confidential material than are reasonably necessary to conduct this litigation.

18. Except upon prior written consent of the party or counsel for the party asserting confidential treatment, or upon further order of this Court, information designated as confidential shall be held in strictest confidence and shall be kept securely.

19. Upon conclusion of this case, including any subsequent appeals, all originals and copies of confidential material (and all summaries thereof) shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (i) otherwise ordered by the Court for good cause shown, (ii) the return or destruction of such materials is prohibited by law, or (iii) the document has been filed with the Court or used as an exhibit.

20. Notwithstanding anything to the contrary herein, the parties to the above-captioned case shall have no obligation under this Confidentiality Agreement with respect to information that:

      a.    is or becomes publicly available (except as by unauthorized disclosure); or

      b.    is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

21. This Confidentiality Agreement in no way alters the parties' responsibilities under the E-Government Act of 2002 and this Court's Electronic Filing Policies and Procedures. Accordingly, even if a document is not marked "CONFIDENTIAL", all exhibits filed electronically which list the name of a minor or a minor's parent, thereby identifying the last name of a minor, will be filed under seal to protect the identity of the minor.

22. Any party to the above-captioned case may petition this Court concerning a violation of this Confidentiality Agreement, requesting any available remedies, including, but not limited to, contempt proceedings.

23. Entering into, agreeing to, and/or complying with the terms of this Confidentiality Agreement shall not:

      a.    operate as an admission that any particular discovery material constitutes, contains, or reflects confidential matter;

      b.    prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery, or to seek a Court determination whether particular discovery materials should be produced;

      c.    prejudice a party from seeking modification or recision of this Confidentiality Agreement; or

      d.    prejudice a party from seeking further protection of any confidential

information.

24. This Confidentiality Agreement may be modified by agreement of the parties to the above-captioned case, subject to approval of the Court.

25. This Confidentiality Agreement shall remain in full force and effect until such time as any other Order affecting this Confidentiality Agreement is entered by the Court.

**Attachment A**

**ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER**

    I, _____, have read and fully understand the Confidentiality and Protective Order filed in <u>United States v. Bobby L. Hurt, et al.</u>, Civil Action No. 09-cv-0031 (E.D. Ark.). I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for any proceedings with respect to said Order. I will not divulge to persons other than those specifically authorized by paragraph 13 of the Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Order.

Dated: _____    _____

                                                              (Signature)

                                                      _____
                                                      (Print Name)

                                                      _____
                                                     (Home Address)

                                                      _____
                                                     (Home Address Continued)

*For the United States:*

This the 10th day of August, 2009

                          Respectfully submitted,

| | |
|---|---|
| JANE W. DUKE | LORETTA KING |
| United States Attorney | Acting Assistant Attorney General |
| Civil Rights Division | |
| | |
| | /s/ Nicole J. De Sario |
| STACEY E. McCORD | STEVEN H. ROSENBAUM |
| Assistant United States Attorney | Chief |
| AR Bar No. 87114 | REBECCA B. BOND |
| P.O. Box 1229 | Deputy Chief |
| Little Rock, AR 72203 | NICOLE J. DE SARIO |
| Tel: (501) 340-2630 | Trial Attorney |
| Fax: (501) 340-2728 | United States Department of Justice |
| | Civil Rights Division |
| | Housing and Civil Enforcement Section |
| | 950 Pennsylvania Avenue, N.W. |
| | Northwestern Building, 7th Floor |
| | Washington, DC 20530 |
| | Tel: (202) 514-4713 |
| | Fax: (202) 514-1116 |
| | Nicole.DeSario@usdoj.gov |

*For Defendant*s **Bobby L. Hurt and Sue R. Hurt:**

This the 10th day of August, 2009

>/s/ Tony L. Wilcox
>TONY L. WILCOX
>AR Bar No. 93084
>SCOT J. LANCASTER
>AR Bar No. 85087
>JEFF O. SCRIBER
>AR Bar No. 200656
>WILCOX PARKER HURST
>LANCASTER & LACY, PLC
>3000 Browns Lane
>Jonesboro, AR 72401

**<u>ORDER</u>**

IT IS SO ORDERED.

This 13th day of August, 2009.

_____
HON. BRIAN S. MILLER
United States District Judge