IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-cv-0031 (BSM) |
| | ) | |
| BOBBY L. HURT AND SUE R. HURT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

On April 22, 2010, Defendant Sue R. Hurt ("Defendant"), through her counsel, proposed that the United States "make arrangements to take her deposition in Panama." Dkt. No. 31-1. The United States complied with this request and noticed her deposition for June 1, 2010, in Panama. Dkt. No. 31-2. Now Defendant moves this Court to prohibit the United States from doing the very thing she proposed: taking her deposition in Panama. Dk. No. 29. For the reasons set forth below, the Court should deny Defendant's motion.

## I.    Background[1]

The United States filed this lawsuit against Sue Hurt and Bobby Hurt alleging violations of the Fair Housing Act on March 13, 2009. Dkt. No. 1. In its complaint, the United States alleged that Defendant is liable for the discriminatory conduct of her agent, Bobby Hurt, and, in addition, that she knew or should have known of the discriminatory conduct of Bobby Hurt, yet failed to take reasonable preventative or corrective measures. Id. at ¶ 13. During the parties'

---

[1] Defendant makes numerous misstatements of fact throughout her motion. For example, Defendant claims that witnesses testified that counsel for the United States solicited complaints by "going door to door." Dkt. No. 30, at 2. No witnesses made any such statement during their depositions. Defendant further claims that "[t]o date, no one has alleged any affirmative misconduct on the part of Sue Hurt," id. at 3. However, the complaint names her as a defendant. Dkt. No. 1, at ¶ 13. The United States will not rebut, point by point, Defendant's misrepresentations because it does not believe that this opposition is the appropriate forum.

meet and confer conference on February 24, 2010, Defendant's counsel stated that an undisclosed medical condition would prevent Defendant from traveling to the United States for a deposition.  On February 24, 2010, the United States properly served notice of a deposition for Sue Hurt to take place in Memphis, Tennessee, and stated in an accompanying letter that, if necessary, and to accommodate a disability, the United States was willing to take the deposition at another location.  Dkt. No. 31-3.  In a letter dated April 15, 2010, Defendant, through counsel, represented that she was unwilling to travel to the United States, and indicated that other arrangements could be made to take her deposition.  Dkt. No. 31-4.  In a letter dated April 16, 2010, the United States reiterated that it would attempt to accommodate any disability that Defendant may have, and asked for alternate proposals on how it might conduct Defendant's deposition.  Dkt. No. 31-5.  In a letter dated April 19, 2010, defense counsel again stated that Ms. Hurt was unwilling to travel to the United States and asked whether it should file a "Motion to Quash" the pending deposition notice.  Dkt. No. 31-6.

In a letter dated April 22, 2010, Defendant's counsel proposed that the United States "make arrangements to take her deposition in Panama."  Dkt. No. 31-1.  Relying on counsel's representations, the United States notified counsel in an email dated April 27, 2010, Dkt. No. 31-7, that, in an attempt to accommodate Ms. Hurt's medical condition, it was postponing Ms. Hurt's properly noticed deposition in Memphis, Tennessee.  In addition, the United States stated that it looking into Defendant's proposal to take the deposition in Panama.  Id.  Over two weeks later, in a letter dated May 13, 2010, Defendant indicated that she would also object to having her deposition taken in person in Panama.  Dkt. No. 31-8.

On May 13, 2010, the United States properly served a notice of deposition for Ms. Hurt's deposition at the United States Embassy in Panama City, Panama, on June 1.  Dkt. No. 31-2.  In

a letter accompanying the notice, the United States indicated that it would have no objection to Defendant's counsel participating in the deposition via telephone.  Id.  To date, Defendant has made no alternative suggestion as to how the United States could take her deposition in person.

## II.   Argument

In her motion, Defendant seeks a protective order under Fed. R. Civ. P. 26(c) to prevent the United States from being in the same room with the Defendant when the United States takes her deposition.  A party moving for a protective order must show good cause.  Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999).  To meet the burden of proof, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); Miscellaneous Docket Matter, 197 F.3d at 926.  Defendant has not made such a showing and thus lacks good cause.

Defendant has not shown good cause for why the United States cannot take Defendant's deposition in person.  Aside from the fact that it was Defendant who first proposed that the United States take her deposition in Panama, the United States has the presumptive right to take her deposition in person.  See Fed. R. Civ. P. 30(b)(5) (deposition by remote means available *only* by stipulation or by court's order on motion) (emphasis added).  No significant facts have changed since Defendant first made her proposal, and the United States relied on the proposal when planning, in good faith, to move forward with the deposition.

Defendant claims that conducting the deposition in Panama will cause her undue expense and burden.  The United States, however, would not be opposed to counsel for Defendant participating via telephone.  See Fireman's Fund Ins. Co. v. Zoufaly, 1994 WL 583173, at *1

(S.D.N.Y. Oct. 21, 1994) ("If the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness, there is no reason not to permit it to do so, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses.").  Furthermore, Defendant has failed to provide any affidavits or evidence to evaluate the burden or expense of the Panama deposition.  See Clayton v. Velociti, Inc., 2009 WL 1033738 at *3 (D. Kan. 2009) (denying protective order on grounds that filed affidavits establish only burden or expense, not undue burden or expense).  As such, Defendants have failed to meet their burden of demonstrating good cause for the relief they seek.

Defendant is unable to cite to even one case to support the position that the United States should be barred from personally attending a deposition.  In fact, courts have repeatedly allowed counsel to attend depositions in person over the opposing parties' objection.  See Cressler v. Neuenschwander, 170 F.R.D. 20, 22 (D. Kan. 1996) ("The plaintiff has provided the court with no authority, and the court has located none, which would restrain the defendant from being present during these depositions."); Roth Grading, Inc. v. Testa Corp., 2006 U.S. Dist. LEXIS 20956 (D. Neb. 2006) (where plaintiff sought to depose defendant by telephone, "the court will not preclude counsel for the defendant from attending the depositions in person.").  In instances in which a defendant has refused to travel to the United States for his or her deposition, courts have ordered that the deposition take place in the country where the defendant now resides.  See Farquhar v. Shelden, 116 F.R.D. 70, 73 (E.D. Mich. 1987); Huynh v. Werke, 90 F.R.D. 447, 449 (S.D. Ohio 1981).  Indeed, the courts in Farquhar and Huynh indicated that the depositions could proceed in the foreign country and cited to the fact that the defending party would pay a portion of the deposing party's travel expenses.  See Farquhar, 116 F.R.D. at 73 (ordering that defendant's deposition take place in the Netherlands because, in relevant part, of defendant's

"offer to advance plaintiff the cost of depositing him in the Netherlands"); Huynh, 90 F.R.D. at

449 (ordering that depositions proceed in West Germany so long as defendant's pay plaintiffs

one half of the travel expenses and the prevailing party pay the remaining half).  Here, the United

States is not seeking to have the Defendant's pay its travel expenses; it is merely asking the

Court not to exclude it from the room where the deposition will be held.

In Defendant's brief, she claims that "any information necessary for purposes of the

litigation can take place via video conferencing."[2] Dkt. No. 30, at 3.  It appears that Defendant is

relying on Fed. R. Civ. P. 26(b)(2)(C), which requires a court to limit the frequency or extent of

discovery under upon a determination that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be
> obtained from some other source that is more convenient, less burdensome, or less
> expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the
> information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit,
> considering the needs of the case, the amount in controversy, the parties'
> resources, the importance of the issues at stake in the action, and the importance
> of the discovery in resolving the issues.

As the comments to the Rule make clear, however, the Rule's purpose is to protect against the

problem of overdiscovery, and "to guard against redundant or disproportionate discovery by

giving the court authority to reduce the amount of discovery that may be direct to matters that are

otherwise the proper subjects of discovery."  Id. (cmt. to 1983 Amendment).  Rule 26(b)(2)(C) is

---

[2] Defendant does not acknowledge the possible difficulties related to conducting a deposition "via Skype or video conferencing," such as swearing in the witness or maintaining a satisfactory data connection.  Even if the deposition were to proceed via remote meant, pursuant to Fed. R. Civ. P. 28(b), Ms. Hurt would still be required to travel to the United States Embassy in Panama to be sworn in.  See Loucas G. Matsas Salvage & Towage Maritime Co. v. M/T Cold Spring I, Case No. 96-cv-0621, 1997 U.S. Dist. Lexis 2415 (E.D. La. 1997) (holding that telephonic testimony was inadmissible in court where the court reporter attempted to swear in the witness from the United States while the witness was in Poland).

Defendant's concerns about her own costs should likewise be disregarded.  Defendant represents that she has "incurred attorneys' fees and costs in excess of $60,000." Dkt. No. 30, at 2.  Defendant does not produce supporting documentation for this allegation and it is unclear whether these fees and costs have been incurred in this lawsuit.  Regardless, the United States is not asking for the Defendant to pay its travel expenses, simply that it be given the chance to be in the room during the deposition.

not intended to prevent a plaintiff from deposing in person one of only two defendants.  In fact, the comments go on to explain that "[t]he court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."  Id.

Although Defendant would not be harmed by the United States appearing in person for the deposition, a deposition by remote means would burden the United States.  The United States intends to question Defendant about a number of documents, including land acquisition, transfers, foreclosures, tax records, and bank statements, and believes that the deposition would be most effective is conducted in person.[3]  As the court in Mercado v. Transoceanic Cable Ship Co., 1989 U.S. Dist. LEXIS 8484 (E.D. Pa. 1989), recognized, "[w]here, as in this case, diagrams and photographs are to be discussed and portions thereof pinpointed and highlighted, there is a real likelihood of confusion and therefore prejudice."  It will be extremely difficult, if not impossible, to reference the documents properly during a telephonic deposition.  See Cressler, 170 F.R.D. at 22 (the complicated nature of the documents to be used during the deposition mandated that the counsel taking the deposition be permitted to attend in person.)  Additionally, a deposition by remote means deprives the United States of its only opportunity to observe the Defendant in person.  See Clayton, 2009 WL 1033738 at *5 ("Depositions by telephone, particularly of parties, deprive the opposing party of the opportunity to evaluate the nonverbal responses and demeanor of the witness and deny the opportunity for face-to-face confrontation").

The relief sought by Defendant is unwarranted.  Ms. Hurt is a defendant in this litigation who has not yet been deposed.  The United States' complaint specifically alleges that she may be

---

[3] During Defendant Bob Hurt's deposition, the deponent had difficulty following along with the documents and asked Plaintiff's counsel on numerous occasions to point to the specific portion of the document related to the question.

directly and vicariously liable for violations of the Fair Housing Act.  Dkt. No. 1, at ¶ 13.  The United States has been willing to accommodate her and made arrangements to take her deposition in Panama, at her suggestion.  Defendant does not seek to stop the deposition; she wishes to keep the United States out of the room.  This is not a problem of overdiscovery, and the Court should not limit the United States' discovery under Rule 26(b)(2)(C).

### III.   Conclusion

For the reasons stated above, the Court should deny Defendant's motion and allow the United States to depose Ms. Hurt in person, either in the United States or in Panama.  The Court should also award the United States any other relief, including costs and fees associated with opposing this motion, that it considers proper.

Respectfully submitted this 25th day of May, 2010,


JANE W. DUKE                                THOMAS E. PEREZ
United States Attorney                      Assistant Attorney General
                                            Civil Rights Division

                                            /s/ Robin L. Dull
                                            /s/ Nicole J. De Sario
STACEY E. McCORD                            STEVEN H. ROSENBAUM
Assistant United States Attorney            Chief
AR Bar No. 87114                            REBECCA B. BOND
P.O. Box 1229                               Deputy Chief
Little Rock, AR 72203                       NICOLE J. DE SARIO
Tel: (501) 340-2630                         ROBIN L. DULL
Fax: (501) 340-2728                         Trial Attorneys
                                            United States Department of Justice
                                            Civil Rights Division
                                            Housing and Civil Enforcement Section
                                            950 Pennsylvania Avenue, N.W.
                                            Northwestern Building, 7th Floor
                                            Washington, DC 20530
                                            Tel: (202) 514-4713
                                            Fax: (202) 514-1116
                                            Nicole.DeSario@usdoj.gov
                                            Robin.Dull@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2010, I served United States' Reply and

Withdrawal of Motion to Compel via ECF on the following:

>    TONY L. WILCOX
>    SCOT J. LANCASTER
>    JEFF O. SCRIBER
>    WILCOX PARKER HURST
>    LANCASTER & LACY, PLC
>    3000 Browns Lane
>    Jonesboro, AR 72401
>    *Counsel for Defendants Bobby L. Hurt and Sue R. Hurt*

I further certify that a copy of this certification was served as indicated above and was

electronically filed with the Clerk of the Court using the CM/ECF system on this date.

>    /s/ Robin L. Dull
>    Robin L. Dull
>    Trial Attorney
>    Housing and Civil Enforcement Section
>    Civil Rights Division
>    United States Department of Justice
>    950 Pennsylvania Avenue, N.W.
>    Northwestern Building, 7th Floor
>    Washington, DC 20530
>    Tel: (202) 514-4713
>    Fax: (202) 514-1116
>    Robin.Dull@usdoj.gov