IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )       Civil Action No. 3:09-cv-0031
)       (BSM)
)
BOBBY L. HURT AND SUE R. HURT, )
)
Defendants. )
_____)

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CRIMINAL CONVICTION, ARRESTS, AND ILLEGAL DRUG USE

### I.      INTRODUCTION

The United States respectfully moves the Court *in limine* to preclude the

Defendants from (1) inquiring into Tina Johnson's perjury conviction; (2) soliciting the

details underlying Amber Brown's, Shana Nester's, and Patricia Kimbrough's respective

criminal convictions; (3) inquiring into aggrieved persons' arrest records; or (4) inquiring

into illegal drug use by aggrieved persons.

### II.      BACKGROUND

As the United States has indicated previously, at trial in this case the United

States intends to present the testimony of ten witnesses, including nine aggrieved persons,

to establish that Defendant Bob Hurt engaged in a pattern or practice of sexually

harassing his tenants over an approximately ten-year period.[1]  During discovery, the

_____

1. The procedural and general factual background of this action has been set forth in detail in previous filings, see, *e.g.*, United States' Motion to Exclude Character Witnesses (Dkt No. 78), and, for brevity's sake, will not be repeated in full here.

Defendants deposed those witnesses and elicited, among other things, evidence that some of them had used illegal drugs in the past. See, *e.g.*, Melanie Manes Dep. 26:19-27:21 (attached as Exhibit A) (testifying that Amber Brown, an aggrieved person, has used cocaine); Shana Nester Dep. 45:19-20 (attached as Exhibit B) (testifying that she has used marijuana in the past). In addition, during discovery, the parties learned that one of the aggrieved persons, Tina Johnson, has a felony conviction more than ten-years old. Finally, a number of aggrieved persons testified to a range of interactions with law enforcement, including arrests. See, *e.g.*, Nester Dep. 44:14-45:4 (testifying to an arrest for marijuana possession). Evidence of those arrests, of Tina Johnson's conviction, and of aggrieved person's prior illegal drug use, is prejudicial and irrelevant, and should be excluded.

### III.    ARGUMENT

"[T]he court may exclude evidence in limine" pursuant to its power to manage trials. *Luce* v. *United States*, 469 U.S. 38, 41 (1984).[2] Here, the Court should exercise its discretion to exclude evidence of illegal drug use, evidence of a criminal conviction, and evidence of arrests.

**A. Tina Johnson's 1999 criminal conviction should be excluded.**

Federal Rule of Civil Procedure 609 allows for impeachment of a witnesses' credibility through evidence of conviction of a crime involving an act of dishonesty. Fed. R. Evid. 609(a)(2) (requiring the admission of evidence of prior *crimen falsi* convictions).

---

2. See also Fed. R. Evid 104(a) ("Preliminary questions concerning . . . admissibility of evidence shall be determined by the court . . . ."). "Motions in limine are primarily intended to prevent unfair prejudice to the opposing party, usually arising from an irrelevant but compelling inference." *Johnson* v. *Pistilli*, No. 95-C-6424, 1996 WL 587554 (N.D. Ill. Oct. 8, 1996) (citing Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence, § 5037 (1977)).

The rule however, also imposes a presumptive limit on the use of convictions more than ten years old.  See Fed. R. Civ. P. 609(b).  Thus:

> Evidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement . . . unless the court determines, in the interests of justice, that the probative value of the conviction substantially outweighs its prejudicial effect.

*Id.*  See also Fed. R. Evid. 609(b) advisory committee's note ("It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances"); *United States* v. *Keene*, 915 F.2d 1164, 1169 (8th Cir. 1990) ("Rule 609(b) establishes 'a rebuttable presumption against the admissibility of prior convictions more than ten years old.'"); *United States* v. *Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) ("[I]mpeachment by a conviction falling outside the rule's ten-year time limit should be permitted only in rare and exceptional circumstances.").

Ms. Johnson entered a guilty plea to one count of perjury on July 1, 1999, and was sentenced to a two-year period of incarceration, with all but fifteen days of that term suspended.  In other words, Ms. Johnson, although convicted of a felony and a crime involving an act of dishonesty, was released "from confinement," within the meaning of Federal Rule of Evidence 609(b), prior to August, 1999.  The ten-year limitation imposed by operation of Rule 609(b) ran, at the latest, in August 1999, over a year ago.  Her perjury conviction is presumptively inadmissible and should be excluded.  See *Keene*, 915 F.2d at 1169.

Furthermore, the Defendants cannot establish that the probative value of Ms. Johnson's conviction substantially outweighs its prejudicial effect.  In other words, there are no exceptional circumstances that would justify abandoning the ten-year limitation of

3

Rule 609 with respect to Ms. Johnson's criminal record.[3]  The introduction of evidence of a criminal conviction is inherently prejudicial.  See, *e.g.*, *Dowling* v. *United States*, 493 U.S. 342, 362 (1990) (describing evidence of a conviction as "inherently prejudicial"); *Old Chief* v. *United States*, 519 U.S. 172, 181 (1997) (noting that evidence of prior bad acts, including convictions, "is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record") (quoting *Michelson* v. *United States*, 335 U.S. 469 (1948)).

The Defendants' sole justification for their effort to impeach Ms. Johnson with an out-of-time conviction is that they wish to call into question her credibility generally.  In other words, they propose to engage in the most basic form of impeachment by prior conviction, one that does not present exceptional circumstances.  In light of the Defendants' inability to overcome the presumption of exclusion by establishing that the probative value of the conviction substantially outweighs its prejudicial effect, evidence of Ms. Johnson's conviction should be excluded.

### B.  Impeachment of other aggrieved persons should not include references to arrests, and should be limited strictly to evidence of conviction.

The Defendants have indicated that they intend to introduce any evidence in their possession of criminal activity by the aggrieved persons.  See Pre-Trial Disclosure Sheet at 7,  Dkt. No. 62.  The Defendants, however, should not be permitted to enquire into

---

3.  Exceptional circumstances have been found under some facts, which are not present here.  For example in a criminal case, such evidence was properly admitted where there was "complete contradiction between the defendant's testimony and the testimony of government witnesses."  See *United States* v. *Redditt*, 381 F.3d 597, 600 (7th Cir. 2004).  It has also been properly admitted where an out-of-time prior conviction involved a false statement and the court specifically concluded that the conviction was "highly relevant to *several* disputed issues in the case."  See *Zinman* v. *Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (emphasis added).  Unlike the conviction admitted in *Zinman*, however, there is no evidence that Ms. Johnson's conviction is highly relevant to any issues in dispute in this case.

arrests of aggrieved persons.  And, to the extent aggrieved persons have impeachable convictions under Federal Rule of Evidence 609, the Defendants should be limited to impeaching those witnesses by introducing evidence of the fact of conviction only, not the details of the conduct underlying the conviction.

Three of the aggrieved persons, Amber Brown, Shana Nester, and Patricia Kimbrough, have been convicted of felonies or of crimes involving dishonesty or false statements.  These convictions are less than ten-years old and are not presumptively excluded by operation of Rule 609(b).  The United States concedes, therefore, that the Defendants may impeach these three witnesses with evidence of conviction of a crime. The United States requests, however, that Court limit cross-examination with respect to these convictions strictly to the introduction of evidence of the conviction--*i.e.*, of the fact of conviction--and not the introduction of the specific facts, circumstances, or underlying details of the convictions.  See *Sanders* v. *Ritz-Carlton Hotel Co., Inc.*, No. 05-CV-6385, 2008 WL 4155635 at *6 (S.D.N.Y. Sept. 9, 2008) ("The presumption under Rule 609(a)(2) is that the term 'evidence,' as used in the Rule, encompasses the essential facts of the conviction, including the statutory name of each offense, the date of conviction, and the sentence imposed."); Weinstein's Federal Evidence § 609.20 ("When a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence.").[4]

---

4. See also *United States* v. *Patterson*, No. 95-CV-242, 1996 WL 54237 at *1 (N.D. Ill. Feb. 8, 1996) ("Under Evidence Rule 609, convictions may be admissible, although the underlying details of the conviction are not.").

In addition, a number of the aggrieved persons testified during their depositions that they have been arrested in the past.  Evidence of these arrests should be excluded. An arrest, standing alone and without a showing that the act precipitating the arrest is relevant to credibility, has little bearing on an individual's character for truthfulness. Indeed, as the Supreme Court has noted, in the context of a constitutional challenge to state licensing requirements,

> The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct. An arrest shows nothing more than that someone probably suspected the person apprehended of an offense. When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest may have had is normally dissipated.

*Schware* v. *Board of Bar Examiners*, 353 U.S. 232, 241 (1957).  See also *United States* v. *Mitchell*, 502 F.3d 931, 967 (9th Cir. 2007) (holding that a witness's prior arrest for theft is only "weakly probative of . . . character for truthfulness," and upholding the district court's exclusion of evidence of the arrest).

Furthermore, a reference to a witness's arrest record is highly prejudicial, and runs the risk that the jury will discount the witness's testimony because of a general aversion to the fact of an arrest, and not because the circumstances of the arrest properly call into question the witness's character for truthfulness.

### C.  Evidence of aggrieved persons' prior illegal drug use should be excluded.

Evidence of a witnesses' prior drug use should also be prohibited because as irrelevant and highly prejudicial.  Under Federal Rule of Evidence 608(b), evidence of prior bad acts may be inquired into on cross-examination.  Fed. R. Evid. 608.  Such inquiry, however, is permissible only if the specific prior bad acts "concern[ ] the witness' character for truthfulness or untruthfulness."  Fed. R. Evid. 608(b).  Moreover,

cross-examination permitted under Rule 608 remains subject to the limits of Rule 403, and should not be permitted where reference to specific prior bad acts will result in undue prejudice.  See *Fireman's Fund Ins. Co.* v. *Thien*, 63 F.3d 754, 760 (8th Cir. 1995) (applying Rule 403 to proposed impeachment under Rule 608); *United States* v. *Skelton*, 514 F.3d 433, 444 (5th Cir. 2008) (same).  See also Fed. R. Evid. 608(b) advisory committee's note (same).  In other words, prior bad acts may only be elicited only if they are relevant and their probative value outweighs the probable prejudicial impact.  See *Fireman's Fund Ins. Co.*, 63 F.3d at 760.

The use of illegal drugs is generally not considered probative of a witnesses' character for truthfulness under Rule 608.  See *United States* v. *Holden*, 557 F.3d 698, 703 (6th Cir. 2009); *Johnson* v. *Baker*, No. 08-CV-00038, 2009 WL 3486006, at *5 (W.D. Ky. Oct. 26, 2009) (holding that evidence of a plaintiff's prior drug and alcohol use is inadmissible for impeachment under Rule 608).  Inquiry during cross-examination into aggrieved persons' alleged prior drug use, therefore, should not be permitted. Furthermore, evidence of drug use should be excluded under Rules 401 and 403.  Drug use is not at issue in this case and is irrelevant.  See, *e.g.*, *Davis* v. *Genova Products, Inc.*, No. 4:07-CV-40, 2009 WL 585909, at (N.D. Ind. Mar. 3, 2009) (holding that a plaintiff's prior drug use is irrelevant to the issue of the existence of a hostile work environment). For these reasons, the Defendants should not be permitted to question the United States' witnesses regarding the use of illegal drugs.

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court preclude the Defendants from (1) inquiring into Tina Johnson's perjury conviction; (2)

soliciting the details underlying Amber Brown's, Shana Nester's, and Patricia

Kimbrough's respective criminal convictions; (3) inquiring into aggrieved persons' arrest

records; or (4) inquiring into illegal drug use by aggrieved persons.


Respectfully submitted this 12th day of August, 2010,


JANE W. DUKE                          THOMAS E. PEREZ
United States Attorney                 Assistant Attorney General
                                       Civil Rights Division

                                       ___/s/ Sean R. Keveney_____
STACEY E. McCORD                       STEVEN H. ROSENBAUM, Chief
Assistant United States Attorney       REBECCA B. BOND , Deputy Chief
AR Bar No. 87114                       NICOLE J. DE SARIO
Little Rock, AR 72203                  ROBIN L. DULL
P.O. Box 1229                          SEAN R. KEVENEY
Tel: (501) 340-2630                    United States Department of Justice
Fax: (501) 340-2728                    950 Pennsylvania Avenue, N.W.
                                       Washington, DC 20530
                                       Tel: (202) 514-4713;
                                       Fax: (202) 514-1114

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2010, I served the foregoing

*Motion in Limine to Exclude Evidence of Illegal Drug Use, Arrests, and Criminal*

*Convictions* via the Court's ECF system on the following:

TONY L. WILCOX
RANEY E. COLEMAN
SCOTT J. LANCASTER
JEFF O. SCRIBER
WILCOX PARKER HURST
LANCASTER & LACY, PLC
3000 Browns Lane
Jonesboro, AR 72401
*Counsel for Defendants Bob L. Hurt and Sue R. Hurt*

_/s/ Sean R. Keveney_____
Sean R. Keveney
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 514-4713
Fax: (202) 514-1116
Robin.Dull@usdoj.gov