**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**VS.**                              **CASE NO.: 3:09-CV-00031-BSM**

**BOBBY L. HURT AND SUE R. HURT**                                                **DEFENDANT**

## ORDER

Defendants Bobby L. Hurt and Sue Hurt ("the Hurts") move for partial summary judgment (Doc. No. 40). The government has responded (Doc. No. 49) and the Hurts have replied (Doc. No. 54). For the reasons set forth below, the Hurts' motion is denied.

### I. FACTS

The following facts are undisputed unless indicated otherwise. The Hurts owned and operated several rental properties in West Memphis, Arkansas between October 1991 and September 2008. United States' response to Defendants' statement of facts not in dispute ("US SOF resp.") (Doc. No. 50), ¶¶ 1-2. The Arkansas Fair Housing Commission notified Bobby Hurt on May 30, 2007 that a housing discrimination complaint had been filed against him under the Fair Housing Act, 42 U.S.C. § 3607, *et. seq.*, with the United States Department of Housing and Urban Development ("HUD"). Letter attached at Exhibit A to Defendants' statement of facts ("Defts' stmt. of facts") (Doc. No. 42). The investigation was not completed before the 100-day filing deadline, and the matter was continued on August 9, 2007 to allow for more investigation and to settle the complaint. US SOF resp., ¶¶ 6-7. After a February 28, 2008 hearing with testimony by alleged victims, the Commission found

no discrimination occurred and dismissed the charge on March 17, 2008. US SOF resp., ¶ 8; Order attached at Exhibit C to Defts' stmt. of facts.

The Department of Justice ("DOJ") mailed letters to the Hurts on February 12, 2009 notifying them of an ongoing investigation into alleged violations of the Fair Housing Act. Letter to Sue Hurt attached at Exhibit E to Defts' stmt. of facts. An undated notice from DOJ also indicates it investigated allegations that Bob Hurt sexually harassed tenants living in his properties. Notice attached at Exhibit D to Defts' stmt. of facts.

The government filed its Fair Housing Act complaint against the Hurts on March 13, 2009, alleging they engaged in a pattern or practice of discrimination and denied rights to a group of persons under the Act. The government seeks declaratory and injunctive relief, as well as compensatory and punitive damages on behalf of the victims. The Hurts deny all allegations and deny ever having any prior knowledge of the allegations against them. The Hurts now move for partial summary judgment, arguing (1) all claims arising from nine alleged victims' allegations, to which they are expected to testify at trial, are all barred by the statute of limitations; (2) the government cannot demonstrate a basis for compensatory damages;(3) it thus cannot recover punitive damages; and (4) Sue Hurt should be dismissed as a defendant. The government responds by arguing (1) its claims are timely because they were filed within the three-year statute of limitations, which it maintains runs from April 2008, when the DOJ received an initial report about the allegations against Bobby Hurt; (2) a factual dispute remains as to whether the Hurts violated the Fair Housing Act; and (3) its

damages claims should proceed to the jury because they can be awarded solely on the basis of testimony.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing

sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

Defendants' motion for summary judgment is denied because the government's claims are timely and a fact issue remains as to whether compensatory and punitive damages are appropriate.

A.   <u>Timeliness</u>

The government's claims for civil damages on behalf of aggrieved persons are timely under the Fair Housing Act's three-year statute of limitations. The Hurts maintain that an eighteen month statute of limitations should apply to the government's claims pursuant to 42 U.S.C. 3614(b)(1)(b). The Hurts argue that because the deposition testimony of nine alleged victims indicates all were tenants before 2005, and they all allege wrongdoing occurred prior to 2005, the government's March 2009 claims are not timely.

The government argues that a three-year statute of limitations should apply instead. It maintains that actions brought by the United States, founded upon a tort, must be brought within three years ". . . after the right of action first accrues . . ." 28 USC § 2415(b). The government maintains this applies to its pattern or practice claims under the Fair Housing Act. The government also maintains the statute of limitations should run from the time the Attorney General first reasonably knew of the allegations. In support, the government submits an affidavit from a DOJ paralegal specialist Larry Joy, who maintains an agent of

the Attorney General first received notice of the allegations against Hurt in April 2008. Affidavit of Larry Joy, attached at Exhibit 3 to US SOF resp. The Hurts strongly oppose reliance on this affidavit, maintaining it constitutes hearsay and is speculation from a source without direct knowledge of the receipt of the notice.

The three-year statute of limitations applies and a fact issue remains as to when the Attorney General received notice of the claims. Summary judgment is therefore denied.

B.     Damages

Summary judgment is denied on the Hurts' argument that the government has failed to provide proof of the damages it seeks. The Hurts maintain the government has provided no documentary evidence to prove damages were sustained by the alleged victims, nor has it provided any idea of what it intends to ask the jury to award. The Hurts maintain they are entitled to this information in order to make reasonable decisions as to discovery and settlement. They maintain the lack of disclosure precludes the award of damages.

The government objects, arguing the Eighth Circuit has held that compensatory damages for emotional distress can be based solely on a victim's testimony. In *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267 (8th Cir. 1981), the Eighth Circuit overturned a district court's ruling that emotional damages were not recoverable in an employment discrimination suit because the plaintiff did not produce evidence of the exact dollar value of their injury. While the Hurts maintain *Williams* was constrained to § 1981 claims by *Muldrew v. Anheuser-Busch, Inc.*, 728 F.2d 989 (8th Cir. 1984), there is still plenty of

5

precedent within this circuit to allow testimony to serve as the basis for the damages sought by the government. *See EEOC v. Convergys Customer Mgmt. Grp.*, 491 F.3d 790, 797 (8th Cir. 2007); *Block v. R.H. Macy & Co. Inc.*, 712 F.2d 1241, 1245 (8th Cir. 1983). The Hurts' claim to this information would have likely been more appropriate for a motion to compel discovery, but it is not an appropriate basis for a motion for summary judgment.

C.   Sue Hurt

The Hurts' motion for summary judgment as to the claims against Sue Hurt is denied. The Hurts maintain that Sue Hurt cannot be held liable because she had no knowledge of the allegations before the complaint was filed, no tenant ever complained to her personally, and she cannot be held vicariously liable as the passive owner of property. The government argues Hurt should remain as a defendant because she had knowledge of the harassment and did nothing to stop it and because her husband, Bobby, was acting as her agent while engaging in the harassment.

In response, the government submits the deposition testimony of Patricia Kimbrough who testified that she told Sue Hurt personally that Bobby Hurt had grabbed her breasts and made vulgar comments to her. Deposition of Patricia Kimbrough attached at Exhibit 11 to US SOF resp, 19-20. Kimbrough maintains she talked to Sue Hurt two or three times about the alleged harassment, and that she asked Sue Hurt to ask Bobby Hurt to stop coming to her home. Kimbrough dep., 98. She maintains Sue Hurt apologized more than once and promised to talk to Bobby Hurt about the allegations. *Id*. at 99. The government also points

out that the record indicates Sue Hurt owned the properties where the alleged harassment occurred and Bobby Hurt was responsible for collecting rent. Sue Hurt depo., 63, 77.

Because a fact issue remains as to Hurt's knowledge of the alleged harassment, and the Supreme Court has held that vicarious liability principles apply in the context of the Fair Housing Act, *Meyer v. Holley*, 537 U.S. 280, 286 (2003), the Hurts' motion for summary judgment as to the claims against Sue Hurt is denied.

## IV. CONCLUSION

For the reasons set forth above, the Hurts' motion for partial summary judgment (Doc. No. 40) is denied.

IT IS SO ORDERED THIS 18th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE