IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                          Civil Action No. 3:09-CV-00031-BSM

BOBBY L. HURT AND SUE R. HURT                          DEFENDANTS

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CRIMINAL CONVICTION, ARREST, AND ILLEGAL DRUG USE

Come now the Defendants, Bobby L. Hurt and Sue R. Hurt, by and through their attorneys, Wilcox Parker Hurst Lancaster & Lacy, PLC, and for their Response to Plaintiff's Motion in Limine to Exclude Evidence of Criminal Conviction, Arrest and Illegal Drug Use, state:

I.

Defendants respectfully request the Court deny the Plaintiff's Motion in Limine to preclude the Defendants from (1) inquiring into Tina Johnson's perjury conviction; (2) soliciting details underlying Amber Brown, Shana Nestor and Patricia Kimbrough's respective criminal convictions; (3) inquiring into aggrieved persons arrest records; and, (4) inquiring into illegal drug use by aggrieved persons.

For the reasons set forth below, this information is not only relevant but proper impeachment evidence, and as such, should be allowed.

1

## II.  BACKGROUND

Through the course of discovery and depositions, it became apparent that Tina Johnson and Patricia Kimbrough, aggrieved parties listed by the United States had instances of prior conduct involving criminal convictions where the elements of the crime required proof or an admission of an act of dishonesty or false statements by the witness.  Amber Brown has a felony conviction for first degree battery and domestic abuse.  She was put on probation.  She violated the terms of her probation and served for one year and six months.  Shana Nestor has a felony conviction that calls for imprisonment for more than one(1) year on a drug charge.  She and others denied drug use in their deposition.  Information became available that impeached that prior testimony, that they were actively doing drugs.  These witnesses lied under oath.  These witnesses are making serious allegations of sexual misconduct and the defendant has a right to cross examine these witnesses.  No specific Rule of Evidence requires the exclusion of this evidence.  The Court is given deference under Federal Rules of Evidence 403 balancing test and will be reversed only for clear abuse of discretion.  *U.S. v. Nadeau,* 598 F.3d 966 (8th Cir. 2010).  As such, the Motion in Limine should be denied.

## III.  ARGUMENT

**A.      Tina Johnson's 1999 criminal conviction should be permitted.**

Rule 609(a)(2) of the Federal Rules of Evidence allows for impeachment of a

2

witness(s) credibility through evidence of conviction of a crime if it can be readily determined that establishing elements of the crime required proof or admission of an act of *dishonesty or false statement by the witness*. Federal Rules of Evidence 609(a)(2) emphasis added. Ms. Johnson's conviction is for perjury. Perjury is the willful assertion, *under oath,* of a false material fact. *Carey v. Duckworth,* 738 F.2d. 875 (7th Circ. 1984). The United States argues that Tina Johnson's 1999 criminal conviction should be excluded as it is more than ten (10) years old under a 403 analysis. Even if the felony conviction is more then ten (10) years old, when the prior conviction involves dishonesty or false statement, particularly perjury, it must be admitted, and the court should not engage in a Rule 403 balancing test. *Stone v. C.R. Bard, Inc.,* No. O2 Civ. 3433, 2003 U.S. Dist. Lexis 22035 (S.D.N.Y. 2003.) Therefore, the Court should allow cross examination on this point.

If, however, the Court determines a 403 balancing test is necessary, the balancing test leans in the favor of admission of this evidence. The relevant evidence should be excluded only if the probative value is <u>substantially</u> outweighed by confusion or prejudice. The probative value of this false statement under oath is outweighed by the danger of unfair prejudice. Ms. Johnson and the other "aggrieved parties" have made allegations that are uncorroborated by physical evidence or testimony of other witnesses. There is no proof that Ms. Johnson or the other "aggrieved parties" lived in the property owned by Bob and Sue Hurt. Her allegations of misconduct are unspecific in time and date of occurrence. She

3

claims to have lived in the trailer park in 2004.  Yet, she did not report any misconduct until she was solicited to participate by a flier four years later.  See Tina Johnson Deposition P. 18.  The defendants have a right to impeach the  credibility of this witness.  Federal Rules of Evidence 607.  Furthermore, the Defendants are entitled to cross-examine this witness regarding specific instances of conduct concerning the witness' character for truthfulness.  Federal Rules of Evidence 608(b).  Her conviction of perjury clearly falls within the parameters of appropriate character evidence and is relevant to the cause of action.  The probative value of Ms. Johnson's character for truthfulness is not substantially outweighed by any danger of unfair prejudice to the United States.

The statute of limitations in this case has been extended over the objection of the defendants.  The length of time from Ms. Johnson's conviction of perjury and the approximate time she claims misconduct of Bob Hurt is less than ten years.  The United States can not have it both ways.  If Ms. Johnson had timely brought her claim against Bob and Sue Hurt, her conviction would have clearly been admissible.  Bob and Sue Hurt will be unfairly prejudiced, if the "aggrieved parties" are allowed to bring stale claims, but keep out convictions of perjury in the relevant time period.

In the *Sanders v. Ritz Carlton Hotel, LLC,* case cited by the United States, the Court held it was proper to admit old convictions into evidence when the conviction is in the nature of *crimen falsi* and the credibility of the witness is of great importance to the issue of the

4

case.  2008 WL 4155635 (S.D.N.. Sept. 9, 2008).  The 2nd Circuit had also affirmed the use

of prior conviction for impeachment where the witness was to testify on a crucial issue of the

case.  *United States v. Payton,* 159 F.3d 49, 57-58 (2d Cir. 1998).  Obviously, her credibility

is important to the allegations she is making against the defendants.

      Unfair prejudice does not occur, merely because a piece of evidence damages the

Plaintiff's case.  *U.S. v. Nadeau,* 598 F.3d 966 (8th Cir. 2010).

      The United States cites a number of criminal cases wherein use of prior criminal

activity was used as character evidence against a criminal defendant.  These cases are clearly

distinguishable.  Ms. Johnson is not on trial.  Ms. Johnson is not someone whose liberty

interest are in jeopardy. Bob and Sue Hurt, however are at risk of civil penalties and damages

relating to the allegations made by Ms. Johnson and others.  The conviction of Ms. Johnson

is not a conviction for use in a criminal proceeding.  She is an "aggrieved party" that is

making serious allegations of conduct against Bob Hurt.  In weighing the prejudicial effect

of the use of the information, Bob Hurt is the one that stands to be prejudiced by not allowing

the evidence to be included.  The Court has broad discretion to admit evidence of prior

crimes after it has analyzed the probative value versus prejudicial effect.  *U.S. v. Sloman,* 909

F.2d. 176 (6th Circuit 1990).  Perjury is the most relevant felony.  A Jury is entitled to know

that this witness has previously made false statements under oath and has been convicted for

this crime.  As such, any evidence of Ms. Johnson's perjury conviction should be allowed for

purposes of impeachment.

**B.     The prior crimes of Amber Brown, Shana Nestor, and Patricia Kimbrough fall clearly within Federal Rules of Evidence 609(a)(1), (2).**

The United States concedes that the aggrieved persons, Amber Brown, Shana Nestor, and Patricia Kimbrough have been convicted of felonies or of crimes involving dishonesty or false statements and that this information is admissible.  See Dkt. No. 79 p 5.  The United States, however, wants to limit the cross-examination to the name of the offense, date of the conviction and sentencing.  The defendants do not intend to waste the Court or jury's time with unnecessary details of Amber Brown or Shana Nestor's conviction.  They only intend to give information that will give the jury context.  However, Patricia Kimbrough filed a false police report wherein she made false claims of rape by another person.  This information is critical to her underlying allegations against the defendant.  She has made additional false statements under oath of sexual misconduct in the past.  Furthermore, the Defendants are entitled to cross-examine this witness regarding specific instances of conduct concerning the witness' character for truthfulness.   Federal Rule of Evidence 608(b). The jury is entitled to hear the essential facts of this conviction.

**C.  Evidence of aggrieved persons' prior illegal drug use should not be excluded.**

**1.  Habitual Drug and Alcohol Abuse is relevant to determine the accuracy of the recollection of the witness.**

The Defendants should be allowed to cross examine the witnesses with regard to prior

illegal drug use. Some of the allegations made by the aggrieved parties are more than ten years old. Several witnesses have admitted to habitual drug use and abuse. Their allegations against the Hurts have no supporting physical evidence or witnesses to their allegations. The aggrieved parties have no documentation or proof, absent their testimony that they lived in the property owned by Bob and Sue Hurt. A witness' habitual drug and alcohol use and abuse is relevant for the Jury to determine the accuracy of the recollection of the witness, especially given the length of time at issue, which in some cases is over ten years ago.

      **2.   Melanie Manes lied under oath regarding her drug use and has committed perjury in this case.**

      Ms. Melanie Manes who, in her deposition, specifically stated that she was not on drugs, did not do drugs, and that she had never done drugs. See deposition of Melanie Manes p. 6. There is a video of Melanie Manes specifically asking to sell photographs of her genitalia for money to get high. Ms. Manes has committed perjury in this case. This is a prior inconsistent statement and should be admissible for purposes of cross examination of Melanie Manes. Federal Rules of Evidence 613(b). This evidence is relevant as it also proof of motive, opportunity, intent, preparation, plan, and knowledge. Federal Rules of Evidence 404(b). She has also threatened her current landlord with false testimony consistent with her intent and plan in this case. This is an "aggrieved party" seeking monetary damages and her statements are admissions pursuant to Fed. R. Evid. 801(d)(2). Ms. Manes testimony will

be further addressed in response to document 78.

The evidence regarding the aggrieved parties use of illegal drugs' probative value is not substantially outweighed by the danger of unfair prejudice and should be admitted.

<u>CONCLUSION</u>

For the reasons stated above, the Defendants request that the Court deny Plaintiff's Motion in Limine.  In the alternative, the Defendants ask the Court to reserve ruling on this point until the close of Plaintiff's case and a proffer is made by the Defendants on these points.

Respectfully Submitted,

Tony L. Wilcox #93084
Scott J. Lancaster #85087
Jeff O. Scriber #2006256
Raney E. Coleman #2003140
**WILCOX PARKER HURST
 LANCASTER & LACY, PLC**
3000 Browns Lane
Jonesboro, AR 72401
**twilcox@wphll.com**

By:     /s/ Tony L. Wilcox
        Tony L. Wilcox

**CERTIFICATE OF SERVICE**

I, Tony L. Wilcox, do hereby certify that on the 18[h] of **August,** 2010, a copy of the foregoing was sent via the **ECF electronic filing system** to the following:

Stacey E. McCord
Assistant US Attorney
P.O. Box 1229
Little Rock, AR 72203

Nicole J. DeSario
Robin Dull
Trial Attorney
United States Department of Justice
1800 G. Street N.W. Suite 7060
Washington, D.C. 20006

By:     /s/ Tony L. Wilcox
        Tony Wilcox
        twilcox@wphll.com