# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**v.**                 **CASE NO. 3:09-CV-00031 BSM**

**BOBBY L. HURT AND SUE R. HURT**                           **DEFENDANT**

## ORDER

Defendants Bobby L. Hurt and Sue R. Hurt have filed fifteen (15) motions in limine. [Doc. Nos. 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111]. The government has responded. [Doc. Nos. 116, 118, 119, 120, 121, 122, 123]. For the reasons set forth below, the Hurts' motions are granted or denied.

<u>Motion in Limine No. 1</u>. Defendants move to exclude the testimony of James Kimbrough, the father of former listed aggrieved party, Cheyenne Kimbrough and plaintiff does not object.

The motion [Doc. No. 83] is therefore granted.

<u>Motion in Limine No. 2</u>. Defendants move to exclude the testimony of Shintrail Warren and plaintiff does not object.

The motion [Doc. No. 85] is therefore granted.

<u>Motion in Limine No. 3</u>. Defendants move to exclude plaintiff's counterdesignations regarding how often Sue Hurt speaks to her daughter because it is irrelevant and prejudicial. Plaintiff objects, arguing that this information is needed for context in that defendants designated Sue Hurt's deposition testimony about her daughter's impressions of this lawsuit.

Plaintiff also asserts that these counter-designations are independently relevant to Sue's credibility.

The motion [Doc. No. 87] is denied.

Motion in Limine No. 4. Defendants move to exclude Amber Brown's testimony that: (1) she was abused as a child; (2) she was in foster care; and (3) she was abused during childhood. Defendants assert that these statements are inadmissable under Federal Rule of Evidence 403 because they are prejudicial, confusing, and misleading. Plaintiff objects, asserting that Brown's past "is the very reason" she suffered significant emotional distress when Mr. Hurt sexually harassed her. Plaintiff also asserts that Brown is an aggrieved party whose background is admissible under the eggshell skull rule and that in fair housing cases, intangible damages are calculated with the victim's specific vulnerabilities in mind.

It is difficult to determine the relevancy of this testimony without hearing it in the context of trial. Therefore, this motion [Doc. No. 89] is denied without prejudice and defendants may object to it at trial.

Motion in Limine No. 5. Defendants move to exclude Tina Johnson's testimony about that Mark Hurt made statements that his father is a "dirty old man." Although plaintiff agrees that the statement is hearsay, it reserves the right to use it for impeachment purposes.

The motion [Doc. No. 91] is therefore granted.

Motion in Limine No. 6. Defendants move to exclude: (1) Sherry Peters's testimony that Perry Peters stated, "you know how Bob [Hurt] is"; and (2) Judy McCaferty's testimony

2

that "Mr. Hurt told her if she ever needed rent they could get together." Although plaintiff agrees that the statements are hearsay, it reserves the right to use them for impeachment purposes.

The motion [Doc. No. 93] is therefore granted.

Motion in Limine No. 7. Defendants move to exclude evidence Mr. Hurt shut off Melanie Manes's electricity and that food in her fridge spoiled as a result. Defendants assert that this evidence is irrelevant as to these sexual harassment allegations. Plaintiff objects, asserting that Manes is an aggrieved party and this evidence goes towards proving that Mr. Hurt retaliated when Manes denied his sexual advances and toward damages.

The motion [Doc. No. 95] is denied.

Motion in Limine No. 8. Defendants move to exclude any testimony regarding the number of times Margaret Louise Hunt has been married. Plaintiff does not oppose this motion.

The motion [Doc. No. 97] is granted.

Motion in Limine No. 9. Defendants move to exclude the testimony of tenant Shana Nester, who will state that: (1) defendants turned off her electricity because she rejected sexual advances from Mr. Hurt; (2) she spoke with her boyfriend about the harassment; and (3) fellow tenant, Angie Way, complained to her that Mr. Hurt had grabbed her breast. In support of this motion, defendants argue that the first statement is irrelevant and prejudicial under Federal Rule of Evidence 403, and that the second and third statements are

inadmissable hearsay. Plaintiff objects, asserting that the first statement is relevant to how the defendants discriminated against Nester because of her sex, and that the second and third statements are admissible because they reflect Nester's state of mind, which is relevant to establishing that the complained-of harassment was unwelcome.

The motion [Doc. No. 99] is denied as to the first and second statements but is granted as to the third.

Motion in Limine No. 10. Defendants move to exclude defendants' tax returns. Alternatively, defendants request a bifurcated trial Plaintiff objects, arguing that defendants' finances are relevant to compensatory and punitive damages because they prove defendants' net worth and financial circumstances. Plaintiff also asserts that a bifurcated trial request is untimely and should not be brought as part of a motion in limine.

The motion [Doc. No. 101] is denied only because tax returns are relevant as to defendants' finances for the purposes of showing punitive damages and because this case does not warrant a bifurcated trial.

Motion in Limine No. 11. Defendants move to exclude Jay Alexander's testimony regarding conversations he had with Rhonda, Janetta, Mark Hurt, Tina, or other unidentified people. Although plaintiff agrees that the statements are hearsay, it reserves the right to use them for impeachment purposes.

The motion [Doc. No. 103] is therefore granted.

Motion in Limine No. 12. Defendants move to exclude evidence that: (1) Kathleen

Anderson understood that Mr. Hurt offered sex with her for rent; (2) Anderson knew about sexual incidents between Mr. Hurt and three other tenants; and (3) Anderson was aware that Mr. Hurt was sexually harassing his tenants. Defendants assert that these statements call for speculation and call for hearsay. Plaintiff objects, asserting that these statements are admissible under Federal Rule of Evidence 701 as a perceptive inference.

Although, at first blush, the first statement seems to be the only one that is not rank hearsay and that would be admissible, the motion [Doc. No. 105] is denied as to each statement because these statements must be viewed in the context of the other trial testimony to determine whether they are admissible. Defendant may object to these statements when they are offered at trial.

Motion in Limine No. 13. Defendants move to exclude Angela Way's testimony that Shana Nester told her that Mr. Hurt "cut her lights" and that "he touched her." Although plaintiff agrees that the statements are hearsay, it reserves the right to use them for impeachment purposes.

The motion [Doc. No. 107] is therefore granted.

Motion in Limine No. 14. Defendants move to exclude: (1) evidence of John Perschka's criminal records; (2) Shaleene Ballard's affidavit submitted in connection with this case; and (3) any evidence of "other witnesses of out of court statements" by John Perschka. As to (1), plaintiff states that it will comply with the federal rules of evidence regarding the admission of Perschka's criminal history. Plaintiff does not object to motion

number (2). Although plaintiff agrees that (3) is hearsay, it reserves the right to use (3) for impeachment purposes.

The motion [Doc. No. 109] is granted in part and denied in part. Evidence of John Perschka's criminal records is admissible, but Shaleene Ballard's affidavit and testimony from other witnesses of out of court statements by John Perschka are inadmissible.

<u>Motion in Limine No. 15</u>. Defendants move to exclude: (1) Mr. Hurt's opinion testimony regarding attempts on his life and his efforts to "fight the system"; and (2) Mr. Hurt's past crimes and his assets/property. Plaintiff objects, asserting that (1) is relevant to defendants' defense that the present lawsuit is the result of a fishing expedition, and to Mr. Hurt's capacity for truthfulness. Plaintiff states that (2) is relevant to compensatory and punitive damages.

The motion [Doc. No 111] is denied. Defendants may renew their objection at trial.

IT IS SO ORDERED this 5th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE