**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                  **CASE NO. 3:09-CV-00031 BSM**

**BOBBY L. HURT AND SUE R. HURT**                         **DEFENDANT**

**ORDER**

Plaintiff United States of America (the "government") has filed three motions in limine, each containing multiple requests for exclusion. [Doc Nos. 78, 79, 80]. Defendants Bobby L. Hurt and Sue R. Hurt ("the Hurts") have responded, [Doc. Nos. 127, 115, 125] and the government has replied. [Doc. Nos. 130, 129]. Each motion is granted or denied in whole or in part as follows:

I. THE FIRST MOTION

The government's first motion in limine [Doc. No. 78] is granted in part and denied in part.

A.     First Request

The government's first request is denied.

The government moves to exclude Dorinda Sprague's and Margaret Hunt's opinions that Bob Hurt does not discriminate because such testimony is improper character evidence, irrelevant, and potentially misleading or confusing. The Hurts respond that the only opinion or reputation testimony that Sprague and Hunt will give will be in response to a government attack on Bob Hurt's credibility or reputation.

Whether Sprague's and Hunt's testimony is admissible can only be determined as it is offered at trial and therefore the government's first request is denied.

B.   Second Request

The government's second request is granted.

The government moves to exclude as irrelevant and prejudicial any evidence regarding the plaintiffs' sexual behavior outside of defendants' rental properties and their having had children by multiple men outside of wedlock. The Hurts respond that the only testimony they will offer regarding these subjects will be offered to prove the motive, opportunity, intent, preparation and plans of plaintiff Melanie Manes.

C.   Third Request

The government's third request is denied.

The government moves to exclude as unduly prejudicial, irrelevant, and improperly authenticated, an adult video featuring intimate sexual commentary by plaintiff Melanie Manes. The Hurts respond that the video is being offered to prove Manes is unreliable because she committed perjury by making a false statement in her deposition.

Whether any part of the video is admissible can only be determined as it is offered at trial and therefore the government's third request is denied. The parties are directed to submit the video or a transcript for an *in camera* review during a trial break prior to its use at trial.

D.   Fourth Request

The government's fourth request is denied.

The government moves to exclude as irrelevant any reference to the defendants' age or health. The respond that they should be able to explain to the jury why Sue Hurt cannot attend the trial and that the allegations herein have put Mr. Hurt's sexual potency squarely at issue.

Although defendants are permitted to tell their ages and health conditions, this testimony will be extremely limited. Mr. Hurt can testify that Ms. Hurt has health conditions that render her unable to attend the trial and he can briefly explain his age and health conditions. The government may, of course, fully cross examine Mr. Hurt on these issues.

## II. THE SECOND MOTION

The government's second motion in limine [Doc. No. 79] is granted in part and denied in part.

A.   First Request

The government's first request is denied.

The government moves to exclude plaintiff Tina Johnson's perjury conviction under Federal Rule of Evidence 609(b) because it has been more than ten years since she was released from confinement. Furthermore, it urges that whatever probative value the conviction may have is substantially outweighed by its prejudicial effect.

The Hurts respond that Rule 609(b) should not apply because Johnson's prior conviction involved dishonesty or false statement. Furthermore, they maintain that Rule 403's balancing test argues in favor of admission because her conviction is rife with

probative value. Specifically, the Hurts argue that a jury is entitled to know that Johnson previously lied under oath and was convicted for doing so.

This is a very difficult issue and one could go either way on it; however, perjury is an extremely serious offense, and, as the Hurts argue, goes to the heart of whether a witness is honest or dishonest. Although the conviction is more than ten years old, defendants will be permitted to cross-examine plaintiff Johnson with her perjury conviction but the conviction cannot be offered as substantive evidence unless Johnson denies the conviction.

B.    Second Request

The government's second request is denied.

The government moves to limit inquiry into the criminal history of Amber Brown, Shana Nester, and Patricia Kimbrough to prevent evidence regarding the details of the conduct leading to conviction. The Hurts respond that context is necessary and that the jury should be told that Kimbrough filed a false police report comprised of false claims of rape. They believe these details are necessary to understanding Kimbrough's allegation against Bob Hurt. The Hurt's agree to limit the impeachment of Brown and Nester to the bare facts of conviction.

Whether this testimony is admissible can only be determined as it is offered at trial and therefore the government's request is denied. The government may, however, renew this objection at trial.

C.   Third Request

The government's third request is granted.

The government moves to prohibit inquiry into the plaintiffs' arrest records because, standing alone, an arrest has little bearing on an individual's character for truthfulness and is highly prejudicial. The Hurts do not specifically respond, but generally seem to argue that the balancing test under Federal Rule of Evidence 403 militates in favor of admission of the witnesses' previous criminal history.

D.   Fourth Request

The government's fourth request is granted.

The government moves to exclude as irrelevant and unfairly prejudicial all evidence regarding plaintiffs' illegal drug use. The Hurts respond that a witness's habitual drug and alcohol abuse is relevant for the jury to determine the accuracy of the recollection of the witnesses, which in this case extends back over ten years.

### III. THE THIRD MOTION

The government's third motion in limine [Doc. No. 80] is granted in part and denied in part.

A.   First Request

The government's first request is denied.

The government moves to exclude as irrelevant, prejudicial and confusing all evidence regarding its investigation herein. The Hurts respond that he authority cited by the

government is distinguished from this case and that the evidence is relevant to show the plaintiffs' motive, credibility, and bias, and to refute the plaintiffs' claims of emotional damages.

Whether this evidence is admissible can only be determined as it is offered at trial and therefore the government's request is denied. The government may, however, renew this objection at trial.

B.      Second Request

The government's second request is granted.

The government moves to exclude as irrelevant any evidence relating to the claims of Jackie Lumpkin, who is not a plaintiff herein, which was investigated by the Arkansas Fair Housing Commissions. The Hurts respond that both complaints were similar and that they reference the same general time period, and therefore the adjudication of one is "relevant, probative, and necessary for the proper disposition of the other."

IT IS SO ORDERED this 5th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE